Kevin R. Anderson (4786)
Tami Gadd-Willardson (12517)
Ryan C. Cadwallader (13661)
Sarah L. Olson (14006)
OFFICE CHAPTER 13 TRUSTEE
405 South Main St., Suite 600
Salt Lake City, UT 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: kratrusteemail@ch13kra.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
SOUTHERN DIVISION**

| In re:<br><br>JOSEPH E GUBLER<br>SHERRIE GUBLER<br><br>Debtors. | Case No. 15-21889<br>Chapter 13<br>Hon. William T. Thurman<br>(Confirmation Hearing: *05/28/15 at 2:30 PM*) |
|---|---|

**TRUSTEE'S OBJECTION TO CONFIRMATION**

This is an above-median case and the Debtors' plan provides for payments of $650.00 to return $20,550.75 to nonpriority unsecured creditors. Kevin R. Anderson, Chapter 13 Trustee, hereby objects to confirmation of the Debtors' plan and in support thereof represents as follows:

1. The Trustee has filed a Motion to Dismiss in this case. Pursuant to Local Rule 2083-1(f), you must file an objection to this with the bankruptcy court within 21 days after service of the motion, or the bankruptcy court clerk must enter an order dismissing the case. Unless otherwise directed by the court, this motion will be heard at the confirmation hearing.

2. The Trustee projects that the Debtors' direct payment(s) to satisfy a retirement and/or auto loan(s), will end within 60-months. The Debtors should provide the Trustee with evidence as to the loan balance(s) as of the petition date, and propose to increase the plan

payment by the same amount as the loan repayment once such claims have been paid in full. *See In re Kofford*, Slip Copy, 2012 WL 6042861 (Bankr. D. Utah Dec. 4, 2012) (Thurman).

Furthermore, the retirement loan deduction taken on Line No. 41 of Form 22C-2 should be calculated using the balance owing as of the petition date amortized over the 60-month commitment period.

3. Schedule I lists a voluntary, monthly contribution from a third party. The Debtor(s) should file with the Court an affidavit signed by such third party (daughter) stating that the third party has the means and the intent to make such contribution on a monthly basis during the term of the Debtor(s)' Chapter 13 plan.

4. The Trustee objects to the Debtor(s)' plan because it fails to clearly state the number of months that adequate protection payments should be made before commencing the equal monthly payment. The Trustee cannot administer this case unless the plan is specific as to the number of adequate protection payments to be made before the commencement of equal monthly payments.

5. The Debtor(s) have not listed on the Chapter 13 petition all prior bankruptcy cases filed within the last eight (8) years.

6. The Debtor(s) are not complying with the disposable-income test of § 1325(b)(1)-(2) because the plan proposes to retain and pay for the following collateral that does not appear to reasonably necessary for the Debtor(s)' maintenance and support: 3 vehicles (2008 Saturn Sky; 1998 Toyota Corolla and 1997 Nissan Truck).

7. The plan proposes to surrender real property in full satisfaction of the creditor's claim. Section 1322(b)(2) prohibits the modification of a claim that is secured only by a lien on

real property that is the Debtor(s)' principal residence. The Debtor(s) must establish that the real property being surrendered is not their "principal residence" for purposes of the anti-modification provision of § 1322(b)(2).

8. The Trustee objects to the Plan because it includes the wrong years for contribution of tax refunds. The tax refund contribution years should be 2015, 2016 and 2017 in paragraph 1(c) of the Plan.

9. The Trustee requests the Debtors add income received from daughter on Line 10 of the Form 22C-1, Schedule I lists $100.

10. The Trustee objects to the following deductions taken on Form 22C-2:

Line No. 16 (need verification of tax expense);

Line No. 17 (need verification of involuntary deductions);

Line No. 18 (need verification of life insurance expense):

Line No. 25 (need verification of health insurance expense);

Line No. 41 (need verification of qualified retirement deductions/loan).

If these deductions are reduced or disallowed, it will increase the Monthly Disposable Income on the Form 22C-2.

THEREFORE, the Trustee objects to confirmation of the Debtors' plan. If the Debtors are unable to resolve the Trustee's objection by the confirmation hearing, the Trustee will move to dismiss or convert this case.

DATED: April 22, 2015.

_____/s/_____
Attorney for Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 22, 2015, a true and correct copy of the foregoing paper was served electronically via CM/ECF to the persons listed below.

      RYAN E. SIMPSON
      ECF NOTIFICATION

The undersigned hereby certifies that on April 22, 2015, a true and correct copy of the foregoing paper was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid.

      JOSEPH E GUBLER
      SHERRIE GUBLER
      86 S. 400 W.
      LA VERKIN, UT 84745

                    /s/
                    Office Chapter 13 Trustee